An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EMPLOYERS INSURANCE COMPANY
OF NEVADA,
Appellant,
vs.
ANGELA BRODDIE,
Respondent.

No. 56921

FILED

JUL 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

This appeal arises from an appeals officer's decision ordering appellant Employers Insurance Company of Nevada (EICON) to reopen respondent Angela Broddie's workers' compensation claim pertaining to a 1999 industrial injury. On appeal, EICON argues for the first time that the appeals officer was without jurisdiction to consider Broddie's claim reopening request. More specifically, EICON maintains that NRS 616C.390(5) deprived the appeals officer of jurisdiction to consider this request because Broddie had not been off work as a result of her industrial injury, had not received a permanent partial disability award, and had not sought to reopen the claim within one year of the claim's closure. In response, Broddie argues that the time limitation on claim reopening set forth in NRS 616C.390(5) is an affirmative defense that EICON waived by not raising it below, and thus, the appeals officer's decision was not erroneous.

In *Williams v. United Parcel Services*, 129 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 41, June 6, 2013), this court recently clarified

13-20675

that the time limitation set forth in NRS 616C.390(5) acts as a jurisdictional bar to the reopening of claims that fall within the statute and does not constitute an affirmative defense that can be waived by a party's failure to raise that defense. Moreover, this court has held that questions of subject matter jurisdiction, such as the one presented here, may be raised by the parties at any time or by a reviewing court *sua sponte*. *See Landreth v. Malik*, 127 Nev. ___, ___, 251 P.3d 163, 166 (2011). Accordingly, the fact that EICON raises this jurisdictional argument for the first time on appeal does not bar its consideration by this court.

Turning to the situation presented by this case, NRS 616C.390(5) establishes a one-year time limit on the reopening of a workers' compensation claim if the claimant was not off work as a result of her industrial injury and did not receive a permanent partial disability award. The appeals officer, however, did not determine whether Broddie was off work as a result of her industrial injury or whether she received a permanent partial disability award so as to preclude the application of NRS 616C.390(5). Because, in the context of a workers' compensation matter, this court will not make such factual determinations in the first instance, *see Roberts v. State Indus. Ins. Sys.*, 114 Nev. 364, 367, 956 P.2d 790, 791-92 (1998) (stating that this court reviews an appeals officer's determinations on issues of law de novo, but gives deference to the appeals officer's factual findings when supported by substantial evidence), we reverse the district court's order denying judicial review and direct the district court to remand the matter to the appeals officer to determine whether Broddie's claim reopening fell within the parameters of NRS

616C.390(5) so as to be jurisdictionally barred by her failure to seek reopening within one year of her claim's closure.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
William C. Turner, Settlement Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Nevada Attorney for Injured Workers/Las Vegas
Eighth District Court Clerk